# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2042

_____

Tamara Bough

*Plaintiff - Appellant*

v.

Nancy A. Berryhill,[1] Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: March 15, 2017
Filed: March 20, 2017
[Unpublished]

_____

Before RILEY, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

---

[1]Nancy A. Berryhill has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Tamara Bough appeals the district court's[2] order affirming the denial of supplemental security income. We agree with the district court that the Commissioner's decision is supported by substantial evidence on the record as a whole. See Igo v. Colvin, 839 F.3d 724, 728 (8th Cir. 2016) (de novo review). Specifically, we conclude that the administrative law judge's (ALJ's) adverse credibility determination is entitled to deference, given that it was supported by several valid reasons, see Mabry v. Colvin, 815 F.3d 386, 389 (8th Cir. 2016) (this court defers to ALJ's credibility determination if it is supported by good reasons and substantial evidence); and that the ALJ's determination as to Ms. Bough's residual functional capacity (RFC) was also proper, see Hensley v. Colvin, 829 F.3d 926, 931-32 (8th Cir. 2016) (it is claimant's burden to demonstrate RFC; RFC must be determined based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of her limitations).[3] The judgment of the district court is affirmed.

_____

[2]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[3]Ms. Bough does not challenge the denial of disability insurance benefits, see Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006) (where party does not raise or address issue in brief, issue is waived); and she has also waived her remaining arguments for reversal, see Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (because claimant did not challenge certain of ALJ's findings in district court, issues were waived at appellate level unless claimant showed manifest injustice would otherwise result); Ahlberg v. Chrysler Corp., 481 F.3d 630, 634 (8th Cir. 2007) (points not meaningfully argued in opening brief are waived).